ATLANTA & WEST POINT RAILROAD COMPANY *v.* THORNTON.

*Lumpkin, J.*—The plaintiff's evidence, aided by the legal pre-
sumption, making a *prima facie* case for a recovery, the ver-
dict in his favor, after its approval by the trial judge, will not
be disturbed. Although the testimony of the defendant's
main witness may, when taken alone, have been sufficient to
establish due diligence on the part of the defendant, there was
other evidence warranting the jury in discrediting the testi-
mony of this witness.            *Judgment affirmed.*
August 5, 1895.

Appeal.   Before Judge Harris.   Troup superior court.
November term, 1894.

The plaintiff obtained a verdict for the value of two head
of cattle killed by a passenger-train. The railroad com-
pany moved on the general grounds for a new trial, and the
motion was overruled. According to the testimony for
plaintiff, the train was running about 30 or 35 miles an
hour, and did not decrease speed. The engineer blew the
whistle before striking the cattle. They could have been
seen for 350 yards before reaching them. The engineer
testified that the train was running from about 25 to 30
miles an hour, and everything was in good order; that he
was coming round a curve, saw the cattle as soon as it was
possible to see them, and did all he could to stop the train,
putting on the air-brakes and blowing the cattle alarm;
that he did not reverse the engine, as that would not have
helped; that he was about 100 yards from the cattle when
he first saw them, and the train could not be stopped in
that distance. He denied having testified, in the county
court, that he saw the cattle about 140 yards off, that they
were on the track coming toward him, that he thought
they would get off the track, and that he could stop the
train in 100 yards. There was testimony to the effect that
he did so testify in the county court; and testimony on
the other hand, that his testimony was substantially the
same there as on the present trial.

*T. H. Whitaker* and *Dorsey, Brewster & Howell,* for
plaintiff in error.   *Longley & Longley,* contra.